IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CRYSTAL LYSINGER, | § | |
| | § | No. 551, 2019 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1805002652 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 13, 2020
Decided: April 20, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Crystal Lysinger, filed this appeal from the Superior Court's December 9, 2019 order modifying her sentence for a violation of probation ("VOP"). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Lysinger's opening brief that the appeal is without merit. We agree and affirm.

(2) The record reflects that, on October 25, 2018, Lysinger pled guilty to tier 2 drug possession. The Superior Court sentenced Lysinger to five years of Level V incarceration, suspended immediately for one year of Level III supervision. The

sentencing order required Lysinger to be evaluated for substance abuse, to follow any recommendations for treatment, and to be monitored by the Treatment Access Center ("TASC"). Lysinger did not appeal the Superior Court's judgment.

(3) A VOP report was filed on May 28, 2019. The report alleged that Lysinger had violated her probation by failing to appear for several meetings with her probation officer, admitting to using drugs, submitting a urine screen that tested positive for illegal substances, and refusing to comply with treatment recommendations. After Lysinger failed to appear for a June 17, 2019 court date, a capias was issued for her arrest. Lysinger was arrested on July 11, 2019.

(4) After a VOP hearing on July 22, 2019, the Superior Court found that Lysinger had violated her probation. The Superior Court sentenced Lysinger to five years of Level V incarceration suspended after successful completion of the Level V Key program for decreasing levels of supervision. A review of sentence was scheduled for January 20, 2020 to make sure that Lysinger was in the Key Program. Lysinger did not appeal the VOP sentence.

(5) Lysinger started the Key Program, but was discharged for a disciplinary violation. She could not return to the program for up to six months, but could possibly return earlier based upon the director's discretion. The review of sentence hearing was re-scheduled for December 9, 2019.

(6) At the December 9, 2019 hearing, Lysinger's counsel provided evidence that Lysinger was found not guilty of the disciplinary violation that led to

2

her discharge from the Key Program. Counsel argued that that Lysinger should not continue to be incarcerated while awaiting re-admission into the Key Program. TASC argued that Lysinger's completion of the Key Program was necessary because she failed to comply with previous treatment efforts in the community.

(7) The Superior Court acknowledged that it was unfortunate that Lysinger was discharged from the Key Program, but continued to find it important that Lysinger complete the Key Program. The Superior Court modified the VOP sentence, effective July 11, 2019, as follows: five years of Level V incarceration, suspended after two years of Level V Key to be suspended upon successful completion of the Key Program, followed by decreasing levels of supervision. The Superior Court judge scheduled another review of sentence for May 1, 2020, stating that he might reconsider the sentence if Lysinger was not in the Key Program at that time. This appeal followed.

(8) In her opening brief, Lysinger does not challenge the December 9, 2019 hearing or modified sentence. Instead, she challenges the July 22, 2019 VOP adjudication. To challenge the July 22, 2019 VOP adjudication, Lysinger needed to file an appeal within thirty days of July 22, 2019.[1] She did not do so. Lysinger may

---

[1] Supr. Ct. 6.

not use this appeal from the December 9, 2019 modification of the VOP sentence to collaterally attack the merits of the July 22, 2019 VOP adjudication.[2]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J Seitz, Jr.*
Chief Justice

---

[2] *See, e.g., Holmes v. State*, 2014 WL 3559686, at *2 (Del. July 17, 2014) (finding that the appellant could not use his appeal of a recent conviction to challenge a previous VOP); *Fisher v. State*, 2003 WL 1443050, at *2 (Del. 2003) (finding that the appellant, who appealed the denial of his motion for sentence reduction, could not use the appeal to collaterally attack the merits of the VOP finding that he had not appealed).